Filed 12/8/20  P. v. Mora CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B304503 |
| Plaintiff and Respondent, | Los Angeles County Super. Ct. No. BA085503 |
| v. | |
| JESUS MORA, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Frederick N. Wapner, Judge. Affirmed.

Kathy R. Moreno, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Idan Ivri and Rene Judkiewicz, Deputy Attorneys General, for Plaintiff and Respondent.

## INTRODUCTION

In 1994, petitioner Jesus Mora was convicted of first degree murder in which he personally used a handgun. After the enactment of Senate Bill No. 1437 (S.B. 1437) (Stats. 2018, ch. 1015), Mora petitioned for resentencing under Penal Code section 1170.95, and the trial court appointed counsel to represent him.[1] The court ultimately denied the petition on the ground that Mora, as the actual killer convicted under a theory of malice aforethought, was not entitled to relief under the statute. On appeal, Mora contends that the court erred by basing its conclusion on the factual summary in the opinion from his 1995 appeal. We conclude any error was harmless and affirm.

## BACKGROUND

By information dated January 6, 1994, Mora was charged with one count of murder (§ 187, subd. (a); count 1) and one count of attempted murder (§ 664/187, subd. (a); count 2). The information alleged Mora personally used a firearm (§ 12022.5) in the commission of both offenses.

A jury found Mora guilty of first degree murder and found the personal-use allegation true.[2] The court sentenced Mora to 25 years to life for count 1 plus five years for the firearm enhancement, to run consecutively. The conviction was affirmed on appeal. (*People v. Mora* (Aug. 8, 1995, B086038) [nonpub. opn.].)

---

[1] All undesignated statutory references are to the Penal Code.

[2] The record does not reveal what happened to count 2.

In April 2019, Mora filed a petition for resentencing under section 1170.95.[3] He asked the court to vacate his murder conviction and resentence him under section 1170.95. Mora alleged that the information filed against him allowed the prosecution to try him under a theory of felony murder or murder under the natural-and-probable-consequences doctrine, that he was convicted under one of those theories, and that he could not now be convicted of murder under the recent changes to the Penal Code contained in S.B. 1437, of which section 1170.95 was a part. He also asked the court to appoint counsel to represent him.

The court appointed counsel to represent Mora and received a response from the prosecutor in accordance with section 1170.95, subdivision (c). The prosecution argued that Mora was the actual killer, and as such, was not entitled to relief. In support of this argument, the prosecutor submitted a copy of the opinion from Mora's direct appeal but did not submit any documents from the trial itself.[4] Defense counsel did not file a written response.

On January 7, 2020, the court denied the petition. Mora filed a timely notice of appeal.

---

[3] Mora also filed a second petition in July 2019. The only difference between the two documents appears to be that the second petition was signed whereas the first petition was not.

[4] The minute order recording the petition's filing says "***NO LEGAL FILE***"

3

# DISCUSSION

Mora argues that the court, in denying his petition, improperly relied on the facts as recounted in the opinion from his prior appeal. We conclude that any error was harmless because the jury instructions and verdict form establish that Mora was convicted as the actual killer under a malice theory, and as such, is not eligible for relief under section 1170.95.

## 1. S.B. 1437

S.B. 1437, which took effect on January 1, 2019, changed the law of murder to ensure a "person's culpability for murder [is] premised upon that person's own actions and subjective mens rea." (Stats. 2018, ch. 1015, § 1, subd. (g).)

First, S.B. 1437 limited accomplice liability for murder. Under prior California law, every accomplice to an enumerated felony could be convicted of first degree murder if a death occurred during the commission of that felony—regardless of whether the accused killed or intended to kill. (See *People v. Dillon* (1983) 34 Cal.3d 441, 462–472.) Similarly, "a defendant who aided and abetted a crime, the natural and probable consequence of which was murder, could be convicted not only of the target crime but also of the resulting murder"—regardless of whether he acted with malice aforethought. (*In re R.G.* (2019) 35 Cal.App.5th 141, 144.)

Now, however, a person may be convicted of murder only if: (1) he was the actual killer; *or* (2) with the intent to kill, he aided and abetted the actual killer's commission of murder; *or* (3) he acted as a "major participant" in a felony listed in section 189 *and* acted with "reckless indifference to human life." (§ 189, subd. (e),

4

as amended by Stats. 2018, ch. 1015, § 3; § 188, subd. (a)(3), as amended by Stats. 2018, ch. 1015, § 2.)

Second, S.B. 1437 abolished second degree felony murder. (Stats. 2018, ch. 1015, § 2, amending § 188, subd. (e)(3).) Thus, the felony murder doctrine now applies only to those felonies listed in section 189, subdivision (a), and to accomplices who meet the requirements in section 189, subdivision (e).

In addition to changing the law of murder prospectively, S.B. 1437 gave people who had been convicted under one of the now-invalid theories the opportunity to petition for resentencing under newly-enacted section 1170.95. (Stats. 2018, ch. 1015, § 4.)

Section 1170.95, subdivision (a), describes who may petition for resentencing under the statute. Subdivision (b) explains what information the petition must contain, where the petitioner must file it, who the petitioner must serve, and what the court should do if it's incomplete. Subdivision (c) describes the process the court uses to determine whether the petitioner is entitled to an evidentiary hearing. Finally, subdivisions (d)–(g) describe the procedures for holding an evidentiary hearing, the type of evidence that may be admitted, the burden of proof, and the requirements for resentencing an eligible petitioner.

Here, the issue is whether Mora made a prima facie showing under subdivision (c).

## 2.     Any error was harmless because other court records establish Mora was convicted as the actual killer.

From the record before us, it appears Mora is correct that the trial court's ruling was based on the facts recited in the opinion in Mora's direct appeal. He argues that because the facts in that opinion were recounted in the light most favorable to the *judgment* whereas at the prima facie review stage, the court must

view the facts in the light most favorable to the *petitioner*, the court must rely on the trial records themselves, not an appellate court's interpretation of those records. (See, e.g., *People v. Franklin* (2016) 63 Cal.4th 261, 280 [" ' "A court may take judicial notice of the existence of each document in a court file, but can only take judicial notice of the truth of facts asserted in documents such as orders, findings of fact and conclusions of law, and judgments." ' [Citations.]"]; *Gilmore v. Superior Court* (1991) 230 Cal.App.3d 416, 418–419 [court may not take judicial notice of facts in an appellate opinion to prove the circumstances of a crime]; but see *People v. Verdugo* (2020) 44 Cal.App.5th 320, 333, review granted Mar. 18, 2020, S260493 [appellate opinion is part of the record of conviction that court may consider].)

We need not resolve that issue, however, because any error in this case was harmless under any standard of prejudice. (See *People v. Watson* (1956) 46 Cal.2d 818; *Chapman v. California* (1967) 386 U.S. 18.) Mora's trial jury was not instructed on either felony murder or the natural-and-probable consequences doctrine; it was instructed only on malice aforethought.[5] To convict Mora of first degree murder, the jury had to find that he personally killed another human being with premeditation and deliberation. Because Mora was convicted under a valid theory of murder that survived the changes to sections 188 and 189, he is ineligible for relief under section 1170.95, and any error is harmless.

---

[5] On September 30, 2020, this court granted the People's unopposed motion to augment the record with, among other things, the jury instructions and verdict form. As relevant here, the jury was instructed with CALJIC Nos. 8.00, 8.10, 8.11, 8.20, 8.30, 8.70, and 8.71.

## DISPOSITION

The order is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

                                                    LAVIN, J.

WE CONCUR:


EDMON, P. J.


DHANIDINA, J.